UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT DANIELS, :
:
      Plaintiff, : Civ. No. 13-5510 (RBK) (AMD)
:
v. : **OPINION**
:
ERIC TAYLOR, et al., :
:
      Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is detained at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint are accepted as true for purposes of screening the complaint. Plaintiff names three defendants in this case; specifically: (1) Eric Taylor – Warden at CCCF; (2) Medical Staff at CCCF; and (3) Mental Health Staff at CCCF.

The complaint alleges that Taylor is in charge of managing and overseeing all operations at CCCF. He claims that the administration at the prison has engaged in the practice and policy of pervasively overcrowding CCCF. To support his overcrowding claim, plaintiff states that he is housed on a unit that is meant to hold forty-eight inmates, but it actually houses seventy-two inmates. Inmates are triple bunked into cells. This requires one man to sleep on the floor on a mattress next to the cell's toilet. This exposes the inmate to urine and fecal matter. Because the inmates are in such close quarters, this endangers them to a higher risk of the spread of disease.

Plaintiff also alleges that there is inadequate day room space and that the showers are moldy and insect infested due to the overcrowding. The overcrowding has caused the laundry service to suffer as inmates are distributed damaged, worn and stained sheets and towels. This has also caused the inmates to have to wash their clothes in their cell sink and toilets.

Plaintiff attached a sick call slip to his complaint which indicates that he is suffering some type of foot fungus. Additionally, plaintiff also attached to the complaint another sick call slip whereby he requested to see a doctor for his headaches, depression, insomnia, nightmares and anxiety.

In addition to the conditions of confinement plaintiff complains about in the complaint, he also claims that the overcrowding has caused inmates to be provided inadequate access to the law library to do research.

With respect to the Medical and Mental Health Staff, plaintiff alleges that they have been negligent and that their negligence has caused him damage. He also states that Taylor has been deliberately indifferent to his serious medical needs.

Plaintiff requests monetary damages as relief.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

   A. <u>Warden Taylor</u>

It appears as if plaintiff is asserting three separate claims against Taylor: (1) conditions of confinement; (2) access to the courts; and (3) deliberate indifference to his serious medical needs. Each of these claims is considered in turn.

i.   *Conditions of Confinement*

Before determining whether plaintiff has stated a condition of confinement claim against Taylor, the Court must determine whether the complaint is seeking to sue Taylor in his individual and/or official capacity.  This determination will affect the analysis of whether plaintiff has stated a claim upon which relief can be granted.  Indeed, as the United States Supreme Court has explained:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978).

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  In making this determination, the Court looks to the complaint and the course of the proceedings.  *See Garden State Elec. Inspection Servs., Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005) (citing *Graham*, 473 U.S. at 167 (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985))).

In this case, it appears as if plaintiff is attempting to assert his claim against Taylor in both his official and individual capacity.  First, as noted in *supra* Part II, plaintiff alleges that the conditions of confinement are as a result of a practice and policy maintained by the prison's administration.  As such, plaintiff may be attempting to assert a claim against Taylor in his official capacity.  *See Whiting v. Bonazza*, 545 F. App'x 126, 131 (3d Cir. 2013) (per curiam) ("[M]unicipal liability under § 1983 arises only when a constitutional deprivation results from an official custom or policy.") (citing *Monell*, 436 U.S. at 691); *see also Duran v. Merline*, 923 F. Supp. 2d 702, 713 (D.N.J. 2013) ("The operative Complaint challenges the long-standing conditions of confinement as the [Atlantic City Justice Facility] which, as discussed below,

suggest a custom, for which Defendant Merline may be liable in his official capacity as warden.") (citations omitted).

However, the complaint also may be attempting to raise claims against Taylor in his individual capacity. As the warden and therefore supervisor of the prison, plaintiff can state an individual liability claim against Taylor if he alleges that Taylor "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Plaintiff can also allege an individual liability claim against Taylor if he has alleged that Taylor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). In this case, plaintiff alleges that Taylor acted with deliberate indifference and that the administration has maintained the policy and practice of overcrowding the CCCF. Accordingly, it appears as if plaintiff is also attempting to bring an individual liability claim against Taylor. *See id.* The issue then becomes whether plaintiff alleges a constitutional harm which would permit his claim against Taylor to proceed past screening.

The complaint is unclear as to whether plaintiff is a pretrial detainee or a convicted prisoner. Plaintiff's condition of confinement claim is analyzed under the Eighth Amendment if he is a convicted prisoner, but under the Fourteenth Amendment if he is a pretrial detainee. *See Mestre v. Wagner*, 488 F. App'x 648, 649 (3d Cir. 2012) (noting distinction of analysis when plaintiff is a convicted prisoner as opposed to a pretrial detainee) (citing *Hubbard v. Taylor*,

("*Hubbard I*") 399 F.3d 150, 164 (3d Cir. 2005); *Hubbard v. Taylor*, (*Hubbard II*") 538 F.3d 229, 331 (3d Cir. 2008)).

The Eighth Amendment requires prison official to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). These minimal civilized measures of life's necessities include food, clothing, shelter, sanitation, medical care and personal safety. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citations omitted). The plaintiff must also allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) (quoting *Farmer*, 511 U.S. at 837). In analyzing whether the conditions of confinement violate the Eighth Amendment, a court examines the totality of the conditions at the institution. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.*

(citing *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo*, 532 F. App'x 23, 26 (3d Cir. 2013) (per curiam).

With respect to analyzing a claim under the Fourteenth Amendment, the Supreme Court has stated that:

> [i]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process clause, a detainee may not be punished prior to an adjudication of guilty in accordance with due process of law.

*Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (footnotes omitted). Thus, the central question with respect to analyzing a condition of confinement claim under the Fourteenth Amendment is whether the complaint sufficiently alleges that the conditions of pretrial confinement constitute punishment. *See Southerland v. Cnty. of Hudson*, 523 F. App'x 919, 921 (3d Cir. 2013). The United States Supreme Court has formulated the reasonable relationship test which states that "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell*, 441 U.S. at 539 (footnote omitted); *see also Southerland*, 523 F. App'x at 921 ("If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, such as ensuring security and order at the institution, it does not, without more, amount to punishment."). In analyzing whether a pretrial detainee's condition of confinement violate the Fourteenth Amendment, a court considers the totality of the circumstances within an institution. *See Garcia v. Lancaster Cnty. Prison*, No. 13-2018, 2014 WL 176608, at *6 (E.D. Pa. Jan. 15, 2014) (citing *Hubbard I*, 399 F.3d at 160; *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir. 1981), *overruled in part on other grounds*, *Int'l Woodworkers of Am., AFL-CIO v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986) (en banc)); *Wright v. Atl. Cnty. Justice Facilty*, No.

10-6101, 2010 WL 5059561, at *6 (D.N.J. Dec. 2, 2010) (considering the totality of the deprivations alleged to determine whether plaintiff had stated a Fourteenth Amendment conditions of confinement claim).

The Court notes that some of the conditions plaintiff complains of, if considered in isolation, do not rise to the level of a constitutional violation. Indeed, the Third Circuit has noted that pretrial detainees do not have a right to necessarily be free from triple-celling. *See Hubbard II*, 538 F.3d at 236; *see also North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking cells, alone, is not per se unconstitutional.") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 1000 (3d Cir. 1983)); *Gibase v. George W. Hill Corr. Facility*, No. 14-3261, 2014 WL 2749366, at *2 (E.D. Pa. June 16, 2014) ("[H]ousing multiple inmates in a cell does not alone establish a constitutional violation.") However, it is improper to consider the conditions in isolation as the Court must consider them in their totality. *See Nami*, 82 F.3d at 67; *Garcia*, 2014 WL 176608, at*6; *Wright*, 2010 WL 5059561, at *6. The complaint raises several conditions that the Court considers in their totality to determine whether plaintiff's condition of confinement claim against Taylor will be permitted to proceed. Among the conditions plaintiff complains about are (1) triple-celling; (2) inadequate day room space; (3) mold and insect infested shows; and (4) inadequate clean bedding and towels. Furthermore, through his attachment to the complaint, the Court construes plaintiff's foot fungus to be purportedly caused by these conditions.[2] Thus, he has stated that the overcrowding has harmed him.

Under these circumstances, the Court will permit the conditions of confinement claim to move forward against Taylor under his individual and official capacities under both the Eighth

---

[2] As noted in *supra* Part II, plaintiff also alleges that he is suffering from headaches, depression, insomnia, nightmares and anxiety.

and Fourteenth Amendments. Plaintiff has alleged that Taylor was deliberately indifferent as the prison administration had a policy and practice of overcrowding the prison, which resulted in the conditions he complains about. Furthermore, liberally construing the complaint and the attachments thereto, plaintiff purportedly suffered harm as a result of the overcrowded conditions.

      ii.    *Access to the Courts*

It also appears that plaintiff may be attempting to raise an access to the courts claim against Taylor. Indeed, plaintiff asserts that inmates are not given adequate access to the law library to do research in light of the overcrowding conditions at CCCF.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In this case, plaintiff fails to state an access to the courts claim against Taylor as he does not allege any arguable claim that he lost the chance to pursue due to being given inadequate

access to the prison law library. Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

      iii.      *Deliberate Indifference to Serious Medical Needs*

Plaintiff also appears to be raising a deliberate indifference to his serious medical needs against Taylor. The Third Circuit has laid out the necessary elements to properly allege a constitutional claim for denial of medical care; specifically:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).[3] The Third Circuit has also noted that deliberate indifference can be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*,

---

[3] To the extent that plaintiff's claim against Taylor is raised under the Fourteenth Amendment as opposed to the Eighth Amendment, it is worth noting that the Fourteenth Amendment "affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner[.]" *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003); *see also Navolio v. Lawrence Cnty.*, 406 F. App'x 619, 622 (3d Cir. 2011).

505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Plaintiff states in conclusory fashion that Taylor has been deliberately indifferent to his serious medical needs. This is the sum total of plaintiff's allegations with respect to this claim in this complaint. These conclusory allegations are insufficient to state a claim under *Iqbal* against Taylor as plaintiff does not state sufficient factual matter to show that the claim is facially plausible. The allegations merely allege the formulaic recitation of the elements of stating a claim which is insufficient und *Iqbal*. 556 U.S. at 678. The complaint is devoid of any allegations with respect to the treatment plaintiff received (or lack thereof) for the maladies plaintiff had and how Taylor was involved in that process. Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

B. Medical & Mental Health Staff of CCCF

Plaintiff also names as defendants the Medical and Mental Health Staff of CCCF. Plaintiff claims that these medical professionals have been negligent and that their negligence is causing plaintiff damage. This is the sum total of plaintiff's allegations against these unnamed defendants.

Plaintiff's allegations against the Medical and Mental Health Staff at CCCF fail to state a claim upon which relief can be granted under the Eighth/Fourteenth Amendments for at least two reasons. First, the complaint is devoid of any allegations whatsoever that these medical staffs

were deliberately indifferent to his serious medical needs.  Indeed, the complaint makes no allegation what these medical staffs did or did not do with respect to any medical condition plaintiff was suffering from.  Second, plaintiff merely alleges that these staffs were negligent, which is insufficient to show that a defendant is deliberately indifferent to a serious medical need.  *See Steedley v. McBride*, 446 F. Appx 424, 425-26 (3d Cir. 2011) (per curiam) (citing *Farmer*, 511 U.S. at 835; *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2001) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999))).  Accordingly, the claims against these two defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.     CONCLUSION

For the foregoing reasons, the complaint will be permitted to proceed in part.  Plaintiff's conditions of confinement claim against Taylor in both his official and individual capacity under the Eighth and Fourteenth Amendments will be permitted to proceed.  Plaintiff's access to courts claim and his deliberate indifference claim against Taylor will be dismissed without prejudice for failure to state a claim upon which relief may be granted.  Furthermore, his claims against the Medical and Mental Health Staff at CCCF will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.   An appropriate order will be entered.


DATED:  August 5, 2014

                                                       s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge